Shah Peerally (CA Bar No: 230818)
Erich Keefe (CA Bar No: 226746)
LAW OFFICES OF SHAH PEERALLY
4510 Peralta Blvd, Suite 25
Fremont, CA 94536
Telephone: (510) 742 5887
Fax: (510) 742 5877

Attorneys for Plaintiff

E-filing

FILED
JUN 27 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Mariam Ispahani, <br><br> Plaintiff, <br><br> vs. <br><br> Michael Mukasey, Attorney General of the United States; Michael Chertoff, Secretary of the Department of Homeland Security; Jonathan Sharfen, Acting Director of United States Citizenship & Immigration Services; Robert S. Mueller, III; Paul Novak, Director, USCIS, Vermont Service Center, et al; <br><br> Defendants | Case No. C08-03111 <br><br> IMMIGRATION MANDAMUS CASE TO COMPEL DEFENDANTS TO COMPLETE ADJUDICATION OF ADJUSTMENT OF STATUS APPLICATION <br><br> A 79643896 |

## PLAINTIFF'S ORIGINAL COMPLAINT
## FOR WRIT IN THE NATURE OF
## IMMIGRATION MANDAMUS

COMES NOW Mariam Ispahani, Plaintiff in the above-styled and numbered cause, and for cause of action would show unto the Court the following:

1. This action is brought against the Defendants to compel action on an application for classification for lawful permanent resident status properly filed by the Plaintiff on December 19, 2005. The application was filed and remains within the jurisdiction of the Defendants,

1

who have improperly withheld action on said application to Plaintiff's detriment.

## PARTIES

2. Plaintiff, Mariam Ispahani, filed an I-360 Self-petition based on her marriage to an abusive United States citizen. Simultaneously, she filed a form I-485 application to adjust her status to that of a lawful permanent resident. Her I-360 self-petition was approved on February 27, 2006. That approval constituted a grant of deferred action, but is not a grant of permanent resident status, and does not lead to United States citizenship. Two and one half years have passed since she applied to adjust her status, and no decision has been made on that application. Defendants have stated that their adjudication is pending the completion of background checks. As the Ninth Circuit Court of Appeals recognized "[T]he thoroughness of background checks must be weighed against the need to actually conduct them. The Plaintiffs are currently living and working in the United States. If there is some legitimate national security concern with them or other applicants currently living and working in the country, this surely militates in favor of prompt security checks, not in favor of delays." Dong v. Chertoff, WL 2601107, (N.D. Cal. Sep. 6, 2007)

3. Defendant, Michael Mukasey, is Attorney General of the United States, and this action is brought against him in his official capacity. He is generally charged with enforcement of the Immigration and Nationality Act, and is further authorized to delegate such powers and authority to subordinate employees of the Department of Justice. 8 U.S.C. §1103(a). More specifically, the Attorney General is responsible for the adjudication of applications for adjustment of status filed pursuant to the Immigration and Nationality Act (INA). The United States Citizenship and Immigration Service is an agency within the Department of Justice to whom the Attorney General's authority has in part been delegated, and is subject to the Attorney General's supervision.

2

4. Defendant, Michael Chertoff, is Secretary of the Department of Homeland Security, and this action is brought against him in his official capacity. He is charged with supervisory authority over all operations within the Department of Homeland Security. The United States Citizenship and Immigration Service is an agency within the Department of Homeland Security to whom the Secretary of Homeland Security's authority has in part been delegated, and is subject to his supervision.

5. Defendant, Jonathan Sharfen, is Acting Director of USCIS, and this action is brought against him in his official capacity. He is charged with supervisory authority over all operations of USCIS and is responsible for adjudication of plaintiff's application.

6. Defendant, Robert S. Mueller, III, Director of the Federal Bureau of Investigations is charged with Supervisory Authority over all operations of the FBI. Defendant, Robert Mueller, III, is responsible for the completion of the security clearance in Plaintiff's case.

7. Defendant, Paul Novak is Director of the USCIS, Vermont Service Center, and this action is brought against him in his official capacity. He is charged with supervisory authority over all operations of the Vermont Service Center and is responsible for the adjudication of Plaintiff's application.

## JURISDICTION

8. Jurisdiction in this case is proper under 28 U.S.C. §§1331 and 1361, 5 U.S.C. §701 *et seq.*, and 28 U.S.C. §2201 *et seq.* Relief is requested pursuant to said statutes. The Mandamus act provides that "[T]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Defendants have a clear non-discretionary duty to process Plaintiff's application and Plaintiff has a clear right not only to have Defendants' delay tested for reasonableness but also to have a decision rendered on her application. The

3

Declaratory Judgment Act provides, "In a case of actual controversy within its jurisdiction ... any court of the United States ... may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The Administrative Procedures Act permits reviewing courts to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

## VENUE

9. Venue is proper in this court, pursuant to 28 U.S.C. §1391(e), in that this is an action against officers and agencies of the United States in their official capacities, brought in the District where the Plaintiff resides.

## EXHAUSTION OF REMEDIES

10. Plaintiff has exhausted her administrative remedies. Plaintiff has made inquiries concerning the status of her application, to no avail. Defendants have responded to the effect that the application remains pending. There are no administrative remedies remaining for the Plaintiff to exhaust, because there is no administrative body to which she can appeal the refusal of the Defendants to perform their non-discretionary ministerial duties.

## CAUSE OF ACTION

11. Plaintiff submitted an I-485 application for adjustment of status and has complied with all requests made by USCIS in order to complete all necessary biometrics appointments for security clearances.

12. Plaintiff has not received any written notice of decision regarding the I-485 petition for adjustment of status to that of a lawful permanent resident under INA section 245.

13. All legal prerequisites having been satisfied, Plaintiff applied for adjustment of status to lawful permanent resident with the Defendant District Director on or about December 19,

2005.

14. Plaintiff's application for adjustment of status has now remained unadjudicated for two and one half years

15. Defendants have sufficient information to determine Plaintiff's eligibility pursuant to applicable requirements.

16. Defendants' refusal to act in this case is, as a matter of law, arbitrary and not in accordance with the law. Defendants willfully, and unreasonably, have delayed in and have refused to adjudicate Plaintiff's application for thirty months, thereby depriving her of the right to a decision on her status and the peace of mind to which she is entitled.

17. Plaintiff has been further damaged by being deprived of the status of lawful permanent resident during the unreasonable pendency of her application. Plaintiff seeks to integrate fully into American life, society and culture. Naturalization as an American citizen, with the rights and privileges inherent therein, depends upon prior permanent resident status for at least 3 years. INA § 319(a), 8 U.S.C. § 1430(a). Plaintiff is therefore being deprived of the right to accumulate the requisite time as a permanent resident before she is eligible to apply for naturalization, as a direct result of Defendants' failure to timely adjudicate her application to adjust status.

18. Plaintiff has been further damaged by the failure of Defendants to act in accord with their duties under the law.

    (a) Specifically, Plaintiff would like to be able to travel internationally. So long as her application for adjustment of status is pending, his travel is restricted by federal regulation which requires special permission to travel abroad during the pendency of such applications. Departure without the advanced parole travel document would be

5

deemed an abandonment of the permanent resident application. *Id.*

(b) In order to continue receiving employment authorization, she must pay a fee – currently $340.00- and submit an application each year, while his adjustment of status application remains pending.

19. The Defendants, in violation of the Administrative Procedures Act, 5 U.S.C. §701 *et seq.*, are unlawfully withholding or unreasonably delaying action on Plaintiff's application and have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiff's case. An Agency has a duty to conclude a matter presented to it within a "reasonable time." *Id.* § 555(b).

20. The relevant immigration regulations are drafted on the assumption that the Defendants will make a decision on each application. 8 C.F.R. §245.6. ("Each applicant for adjustment of status under this part shall be interviewed by an immigration officer."); 8 C.F.R. § 245.2 ("the applicant shall be notified of the decision of the director, and, if the application is denied, the reasons for the denial.") *Id.* As was stated recently by this Court "there is a difference between the [USCIS's] discretion over <u>how</u> to resolve an application, and the [USCIS's] discretion over <u>whether</u> it resolves an application." Singh v. Still, 470 F. Supp. 2d 1064, 1068 (N.D. Cal. 2007) (emphasis in original).

21. Plaintiff has made written and telephonic status inquiries in an attempt to secure adjudication of her application, to no avail. Accordingly, Plaintiff has been forced to retain the services of an attorney to pursue the instant action.

**PRAYER**

22. WHEREFORE, in view of the arguments and authority noted herein, Plaintiff respectfully prays that the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order:

6

(a) requiring Defendants to adjudicate Plaintiff's application for adjustment of status within 30 days;

(b) awarding Plaintiff reasonable attorney's fees; and

(c) granting such other relief at law and in equity as justice may require.

Dated: 6/25/08

Respectfully submitted,

Shah Peerally, Esq.
Attorney for Plaintiff

Erich Keefe, Esq.
Attorney for Plaintiff

## LIST OF EXHIBITS

A    USCIS receipt notice for filing of I-485, adjustment of status application received by USCIS on December 19, 2005;

B    USCIS supplemental notice of deferred action dated February 27, 2006;

C    October 15, 2007 letter to USCIS requesting adjudication of Plaintiff's case;

D    February 18, 2008 letter to USCIS requesting adjudication of Plaintiff's case;

E    June 5, 2008 letter to USCIS requesting adjudication of Plaintiff's case;

F    Letter to USCIS requesting adjudication of Plaintiff's case.

Department of Homeland Security
U.S. Citizenship and Immigration Services

**I-797C, Notice of Action**

# THE UNITED STATES OF AMERICA

| RECEIPT NUMBER<br>EAC-06-062-52179 | CASE TYPE  I485   APPLICATION TO ADJUST TO PERMANENT RESIDENT STATUS |
|---|---|
| RECEIVED DATE<br>December 19, 2005 | PRIORITY DATE | APPLICANT   A79 643 896<br>ISPAHANI, MARIAM |
| NOTICE DATE<br>December 27, 2005 | PAGE<br>1 of 1 | |

BEVERLY BYRD ESQ
BYRD & ASSOCIATES
95 SOUTH MARKET STREET SUITE 300
SAN JOSE CA 95113

Notice Type:  Receipt Notice

Amount received: $ 395.00
Section: Adjustment as direct
         beneficiary of immigrant
         petition

**Receipt notice** - If any of the above information is incorrect, call customer service immediately.

**Processing time** - Processing times vary by kind of case.
- You can check our current processing time for this kind of case on our website at uscis.gov.
- On our website you can also sign up to get free e-mail updates as we complete key processing steps on this case.
- Most of the time your case is pending the processing status will not change because we will be working on others filed earlier.
- We will notify you by mail when we make a decision on this case, or if we need something from you. If you move while this case is pending, call customer service when you move.
- Processing times can change. If you don't get a decision or update from us within our current processing time, check our website or call for an update.

If you have questions, check our website or call customer service. Please save this notice, and have it with you if you contact us about this case.

**Notice to all customers with a pending I-130 petition** - USCIS is now processing Form I-130, Petition for Alien Relative, as a visa number becomes available. Filing and approval of an I-130 relative petition is only the first step in helping a relative immigrate to the United States. Eligible family members must wait until there is a visa number available before they can apply for an immigrant visa or adjustment of status to a lawful permanent resident. This process will allow USCIS to concentrate resources first on cases where visas are actually available. This process should not delay the ability of one's relative to apply for an immigrant visa or adjustment of status. Refer to www.state.gov/travel <http://www.state.gov/travel> to determine current visa availability dates. For more information, please visit our website at www.uscis.gov or contact us at 1-800-375-5283.

**If this receipt is for an I-485, or I-698 application**
USCIS WILL SCHEDULE YOUR BIOMETRICS APPOINTMENT. You will be receiving a biometrics appointment notice with a specific time, date and place where you will have your fingerprints and/or photos taken. You MUST wait for your biometrics appointment notice prior to going to the ASC for biometrics processing. This I-797 receipt notice is NOT your biometrics appointment notice and should not be taken to an ASC for biometrics processing.

**WHAT TO BRING TO YOUR BIOMETRICS APPOINTMENT-**
**Please bring your biometrics appointment letter (with specific time, date and place where you will have your fingerprints and/or photo taken) AND your photo identification to your biometrics appointment.**
Acceptable kinds of photo identification are:
- a passport or national photo identification issued by your country,
- a drivers license,
- a military photo identification, or
- a state - issued photo identification card.

Always remember to call customer service if you move while your case is pending. If you have a pending I-130 relative petition, also call customer service if you should decide to withdraw your petition or if you become a U.S. citizen.

Please see the additional information on the back. You will be notified separately about any other cases you filed.
IMMIGRATION & NATURALIZATION SERVICE
VERMONT SERVICE CENTER
75 LOWER WELDEN STREET
SAINT ALBANS VT 05479-0001
**Customer Service Telephone: (800) 375-5283**



Form I-797C (Rev. 01/31/05) N

Department of Homeland Security
U.S. Citizenship and Immigration Services

**I-797, Notice of Action**

# THE UNITED STATES OF AMERICA

| Receipt Number<br>EAC0606252168 | Supplemental Notice of Deferred Action | |
|---|---|---|
| | Self-Petitioner<br>ISPAHANI, Mariam | A Number<br>A79643896 |
| DUPLICATE | | |
| Notice Date<br>February 27, 2006 | Page<br>1 | Derivative | A Number |

MARIAM ISPAHANI
C/O ALFRED W SLOAN II ESQ
9935 SOUTH SANTA MONICA BLVD
BEVERLY HILLS CA 90212

The above referenced Form I-360 Petition for Amerasian, Widow(er), or Special Immigrant, filed by you, was approved on February 6, 2006. This notice is a supplemental to the approval notice previously sent to you.

**INITIAL GRANT OF DEFERRED ACTION:**

The Service has decided to place this case under deferred action, which is an administrative choice to give some cases lower priority for removal. Therefore, the Service does not anticipate instituting action for removal at this time.

Deferred action will remain in effect for a period of 15 months from the date of this notice or unless terminated earlier by the Service for reasonable cause and upon appropriate notice.

Pursuant to 8 CFR Sec274a.12(c)(14), an alien who is under deferred action is eligible to submit an application for employment authorization, if the alien establishes an economic necessity for employment. This application, on Form I-765, should be filed with this office. The alien must provide information regarding his or her assets, income and expenses in accordance with the instructions on the Form I-765.

In order to extend your Deferred Action status, you must do one (1) of the following:

1. File Form I-765 for Employment Authorization, pursuant to 8 CFR Sec274a.12(c)(14) **WITH THIS OFFICE**. If you still qualify, Deferred Action will be extended at the time your application for employment is approved.

2. Request in writing for an extension of Deferred Action.

If you are represented by an attorney, all further correspondence should be accompanied by Form G-28.

This form does not constitute employment authorization nor may it be used in place of an Employment Authorization Document.

You will be notified separately about any other applications or petitions you filed. Save this notice. Please enclose a copy of it if you write to us about this case, or if you file another application based on this decision. Our address is:

UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES
VERMONT SERVICE CENTER
75 LOWER WELDEN STREET
ST. ALBANS, VT 05479

Form I-797 (Rev. 01/31/05) N

# The Sloan Firm, P.C.

9935 SOUTH SANTA MONICA BLVD.   BEVERLY HILLS, CA 90212
TEL 310-684-3888    FAX 310-919-3858

chip@sloansports.com

October 15, 2007

U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
VAWA
Vermont Service Center
75 Lower Welden St.
Saint Albans, Vermont 05479

California Service Center
VAWA
24000 Avila Road, 2nd Floor, Room 2312
Laguna Niguel, CA 92677

<u>RE: Mariam Ispahani – VAWA: Receipt Number EAC-06-062-52168</u>

Dear Sirs,

    This letter shall serve as formal notice that you have not responded to my client Mariam Ispahani's requests via both letters and phone calls. These requests have been continuos for the last several months. In fact, the only formal contact has been for my client to attend an additional finger printing. This is not acceptable.

    Ms. Ispahani has provided all of the requisite documentation, as well as additional affidavits. I am demanding that Ms. Ispahani's case be immediately reviewed, and a formal response to her inquiries be provided. Should additional information be required, please send such request to the address provided in this letter. Further, the inordinate amount of time taken to conclude this matter, falls outside any and all published processes and procedures and standards of practice. Therefore, I expect a speedy response to this request.

Sincerely yours,

Alfred W. Sloan II, Esq.

# The Sloan Firm, P.C.

9935 SOUTH SANTA MONICA BLVD.   BEVERLY HILLS, CA 90212
TEL 310-584-3868   FAX 310-919-3858

chip@sloansports.com

February 18, 2008

U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
VAWA
Vermont Service Center
75 Lower Welden St.
Saint Albans, Vermont 05479

California Service Center
VAWA
24000 Avila Road, 2nd Floor, Room 2312
Laguna Niguel, CA 92677

RE: Mariam Ispahani - VAWA: Receipt Number EAC-06-062-52168

Dear Sirs,

This letter shall serve as formal notice that the requisite two weeks required to obtain my client's file from the archives has lapsed. I am requesting an immediate notification of my clients file status and an expediting of her VAWA matter before the Vermont Service Center. Please contact me immediately at the number above. Thank you for your consideration and immediate response.

Sincerely yours,

Alfred W. Sloan II, Esq.

**The Sloan Firm**
A Professional Corporation
9935 South Santa Monica Blvd.
Beverly Hills, CA 90212
P: 310.684.3888
F: 310.919.3858

United States Citizenship & Immigration Services
Vermont Service Center
75 Lower Albans St.
Saint Albans, VT 05479

June 5, 2008

RE:   **Mariam Ispahani - Receipt Number EAC0606252168**

Dear Sirs:

    As you are aware, our firm has been retained by Mariam Ispahani in the above entitled matter. Over the last year, we have communicated with your office on behalf of our client via telephone and written communication. Your office has confirmed on several occasions that our client's petition has been approved and is simply sitting in the final stages of the background check. Unfortunately, the petition has been in this status for the last year. This is not acceptable.

    Our firm is aware of the priority placed on certain files in your office. However, the inordinate amount of time our client's file has remained in this same status has become both burdensome to the client and does not comport with your office's policies or the laws of the United States of America. As such, unless our client's file is expeditiously moved through its final stages in the next fourteen days, we will file a writ in the appropriate court of law or pursue any other remedy permitted by law to resolve this matter. We are confident that the costs associated with such an action are not in either party's best interest. Therefore, we expect an immediate addressing of this matter.

    Your response can be made by calling our office directly or in writing to the address above. Thank you for your attention to this matter.

Respectfully,

*[signature]*

Alfred W. Sloan II, Esq.
Managing Partner
The Sloan Firm, P.C.

# The Sloan Firm, P.C.

US Department of Homeland Security
US Citizenship and Immigration Services
Vermont Service Center
75 Lower Welden St.
Saint Albans, VT 05479


**RE: Mariam Ispahani – VAWA Self Petition (EAC-07-030-51927)**

**VIA REGULAR MAIL**

Dear Sirs,

This letter shall serve as a formal request for information regarding the VAWA Self Petition of Mariam Ispahani. As it has been an extraordinary amount of time since the initial filing of the petition, I ask on behalf of Ms. Ispahani, for the following:
- The status of Ms. Ispahani's Self Petition
- Information of whether the petition is still with the Vermont Service Center
- An estimated timeframe as to the finality of the necessary steps for the petition
- A detail of any additional information you may need from Ms. Ispahani

Should you have any questions or concerns, please do not hesitate to call. Thank you for your attentiveness in this matter.

Sincerely,


Alfred W. Sloan II, Esq.